IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JENNIFER RENE BARELA,

       Movant,

vs.                            No. CV 19-00269 KG/KBM
                                  (No. CR 17-01878 KG)

UNITED STATES OF AMERICA,

       Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts on Movant Jennifer Rene Barela's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1; CR Doc. 42) and Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 2; CR Doc. 52).  The Court will dismiss Movant Barela's § 2255 Motion and Amended Motion as barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).

A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009).  It appears on the face of Barela's Motion that the motion was not filed within one year as required by 28 U.S.C. § 2255(f).  Therefore, on June 19, 2019, the Court ordered Movant Barela to show cause by July 19, 2019, why the Motion should not be dismissed as untimely. (CV Doc. 5).  Movant Barela did

not respond to the Order to Show Cause.  As a result, on August 2, 2019, the Court entered an

Order of Dismissal, dismissing the case with prejudice.  (CV Doc. 6, 7; CR Doc. 46, 47).

Upon receipt of the Court's dismissal, on November 25, 2019, Barela filed a motion to

set aside the dismissal.  (CV Doc. 9).  In support of her Motion to set aside, Barela argued that

she had hired counsel to assist with the response and had been assured a response was filed but

had since learned that retained counsel had not filed on her behalf.  (CV Doc. 9).  Based on

Movant Barela's arguments, the Court set aside the dismissal of this case and granted Barela 30

days to respond to the Court's June 19, 2019, Order to Show Cause.  (CV Doc. 10).  In response,

Barela filed a Memorandum in support of her § 2255 Motion and an addendum to her

Memorandum.  (CV Doc. 11, 12).

Most of her responsive filings were devoted to arguments relating to the merits of her §

2255 Motion.  However, on the timeliness issue, she claimed that, in the year following her

sentencing, she was adjusting to prison life, was under stress, and lacked an understanding of

post-conviction requirements of the legal system.  (CV Doc. 11 at 2-4).  She argued that the

untimeliness of her Motion should be excused due to her lack of knowledge and need to

acclimate to prison life.  (CV Doc. ay 2-4).  The Court determines that Movant has not presented

extraordinary circumstances to toll the statute of limitations and, as set out below, the Court will

dismiss her § 2255 Motion as time barred.

Section 2255(f) establishes the statute of limitations governing motions for collateral

review of convictions and sentences:

> "A 1-year period of limitation shall apply to a motion under this
> section.  The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes
>> final;
>> (2) the date on which the impediment to making a motion

> created by governmental action in violation of the
> Constitution or laws of the United States is removed,
> if the movant was prevented from making a motion by such
> governmental action;
> (3) the date on which the right asserted was initially recognized
> by the Supreme Court if that right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases
> on collateral review; or
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

Movant Jennifer Barela pled guilty to possession with intent to distribute 50 grams or more of methamphetamine. (CR Doc. 33). The Court sentenced her to 120 months imprisonment. (CR Doc. 41). Barela was sentenced and judgment was entered on September 17, 2017. (CR Doc. 41). Movant Barela did not appeal from the judgment of conviction or file any prior motions, petitions, or applications concerning the judgment of conviction. Barela's judgment of conviction became final October 12, 2017, following the expiration of the time to file a direct appeal. *United States v. Birch,* 202 F.3d 1274, 1277 (10th Cir. 2000); *Clay v. United States*, 537 U.S. 522, 524 (2003).

Under 28 U.S.C. § 2255(f)(1), a request for collateral review of the sentence or judgment had to be filed within one year after October 12, 2017. Therefore, the deadline for her § 2255 motion was October 12, 2018. Barela's Motion Under 28 U.S.C. §§ 2255 was not filed until March 25, 2019, more than eighteen months after the judgment became final. Barela's § 2255 Motion is untimely on its face and on the actual record. 28 U.S.C. § 2255(f). Barela has not made any showing that the limitation period should run from a different date or that circumstances exist to statutorily alter the running of the statute of limitations. *See* 28 U.S.C. § 2255(f)(2), (3), or (4); *Marsh v. Soares,* 223 F.3d 1217, 1220-21 (10th Cir. 2000). Absent equitable tolling, then, the Motion and Amended Motion are time-barred.

The statute of limitations is subject to equitable tolling, but equitable tolling is restricted to rare and exceptional circumstances. To be entitled to equitable tolling, a defendant must show (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). An inmate bears a heavy burden to show specific facts to support her claim of extraordinary circumstances and due diligence. *Yang. v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). *See also, Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998); *United States v. Martinez,* 303 F. App'x 590, 596 (10th Cir. 2008). Further, Circuit precedent is clear that courts should use equitable tolling sparingly. *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). The Tenth Circuit has consistently found equitable tolling not appropriate, absent truly extraordinary circumstances, even in cases involving inmates with medical or mental health conditions. *See Garza v. Kansas,* 449 F. App'x 734 (10th Cir.2011) (equitable tolling inappropriate where defendant made reference to his medical history but otherwise did not explain his multiple-year delay in seeking federal relief); *United States v. Buckaloo,* 257 F. App'x 88, 89–90 (10th Cir. 2007).

Movant Barela does not present any extraordinary circumstances to excuse the late filing of her § 2255 Motion or toll the one-year statute of limitations. Although she makes reference to stress from adjusting to prison life (CV Doc. 11 at 2-4), Barela's Memorandum presents no actual evidence that a mental health condition prevented her from pursuing her legal rights. *See Miller v. Runyon,* 77 F.3d 189, 191-92 (7th Cir. 1996) (a petitioner who asserts entitlement to equitable tolling on grounds of mental illness must show that his illness actually rendered him unable to file his federal habeas petition before the limitation period expired). *See also, Zerilli– Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80 (2d Cir.2003) (equitable tolling

4

appropriate where a plaintiff's medical condition or mental impairment prevented him from proceeding in a timely fashion). The stress of adjusting to prison conditions does not constitute extraordinary circumstances that would toll the running of the statute of limitations. *Yang. v. Archuleta,* 525 F.3d at 928.

Movant Barela also argues her lack of legal knowledge should excuse her failure to timely file her Motion. (CV Doc. 11 at 3-4). However, equitable tolling is available when an inmate diligently pursues her claims and demonstrates that extraordinary circumstances beyond her control caused her failure to timely file. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,* 531 U.S. 1194 (2001). Her lack of knowledge of the law does not show that defendant diligently pursued her claims or that extraordinary circumstances caused her failure to timely file. The Tenth Circuit has held that lack of knowledge regarding the law, including ignorance resulting from language barriers, does not toll the statute of limitations. *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir.2000); *Yang v. Archuleta,* 525 F.3d 925, 929–30 (10th Cir.2008). Moreover, delays caused by fellow inmates providing legal assistance do not justify equitable tolling. *Marsh,* 223 F.3d at 1220 ("The fact that an inmate law clerk was assisting in drafting [a motion] does not relieve [a plaintiff] from the personal responsibility of complying with the law."). *United States v. Galindo*, 406 F. App'x 322, 324 (10th Cir. 2011). Movant Barela's lack of knowledge of the law does not serve to equitably toll the running of the statute of limitations.

Last, Movant Barela also claims that her son hired counsel to file papers on her behalf, and counsel's failure should serve to excuse the untimely filing. (CV Doc. 11 at 2). However, the statement attached to Barela's Memorandum in Support states that counsel was not hired until November or December of 2018, after the statute of limitations had already run. (CV Doc.

11 at 38).  Therefore, any failures of counsel did not affect the timeliness of her filing of the

Motion and cannot serve as a basis for equitable tolling in this case.  *Marsh v. Soares,* 223 F.3d

at 1220.

Movant Barela's response does not establish entitlement to equitable tolling of the one-

year time period and her motion is time-barred by the statute of limitations of 28 U.S.C. §

2255(f)(1).  The Court also determines, *sua sponte* under Rule 11(a) of the Rules Governing

Section 2255 Cases, that Barela has failed to make a substantial showing that she has been

denied a constitutional right.  The Court will deny a certificate of appealability.

IT IS ORDERED that Movant Jennifer Rene Barela's Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1; CR Doc. 42)

and Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody (CV Doc. 2; CR Doc. 52) are DISMISSED as untimely under 28

U.S.C. § 2255(f) and a certificate of appealability is DENIED.

UNITED STATES DISTRICT JUDGE